Nov. Term,
1854.

BRECOUNT
v.
THE STATE.

Thursday,
December 7.

———————◆◆◇◆———————

BRECOUNT *v.* THE STATE.

To sustain an action for a nuisance, under s. 17, p. 89, of the acts of 1853, it is necessary to show that the defendant had the control or ownership of the house, &c.

APPEAL from the *Montgomery* Court of Common Pleas.

HOVEY, J.—Information for a nuisance, under the 17th section of the acts of 1853, p. 89. The defendant pleaded not guilty, was tried by the Court, fined 10 dollars, and appealed to this Court.

The information states that the south room of the building situate and being upon *Green* street, in the town of *Crawfordsville,* in the state of *Indiana,* known as *McCullough's* ten-pin allies, is a place wherein spirituous liquors are sold and bartered, without license, in a less quantity than a gallon, &c.; and that *Abram V. Brecount* was, on the 23d day of *June,* 1853, guilty of keeping *or* maintaining such nuisance.

The information is very defective, but there is only one point properly raised by the record for our consideration,

Nov. Term, 1854.

and that is whether the evidence is sufficient to sustain the judgment.

Two witnesses only were examined. *Alfred Woodruff*, on behalf of the state, testified that on or about the 23d of *June*, 1853, he went into the house in *Crawfordsville* known as *Mc Cullough's* grocery, and called for a pint of whisky; that *Brecount* filled his bottle, which held a pint, gave it to him, and that he paid him for it, and that he never got or knew of his selling any before.

*Joseph Mc Cullough* testified that he was the sole proprietor of the house in which the liquor was sold, and that *Brecount* had no interest in the house, or the liquors kept in it, and that *Brecount* had never been employed as a bar-keeper to keep it, &c.

The evidence does not sustain the information. *Mc-Cullough's* grocery and *Mc Cullough's* ten-pin alley, are not shown to be the same place. To sustain an information for keeping such a nuisance, it is necessary to show that the defendant had the control or ownership of the house. It is proven that *Brecount* had no interest in the house or liquors, and was not employed to keep the same.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. Wallace*, for the appellant.

*A. V. Austin*, for the state.