<span style="float:right">CARPENTER v. THE STATE.</span>

---

## CARPENTER *v.* THE STATE.

An information for keeping a house for gaming, is not bad for not giving the names of the persons who gambled.

An information must be based upon an affidavit first filed. It is not sufficient that the information itself is verified.

APPEAL from the *Steuben* Court of Common Pleas. <span style="float:right">*Monday, May 28.*</span>

HANNA, J.—This was a prosecution for keeping a house to be used for gaming. Motion to quash overruled; trial and conviction.

It is urged that the information is bad for two reasons—

1. Because it does not give the names of the persons who gamed.

This was not necessary under the peculiar form of the information. *Sowle* v. *The State,* 11 Ind. R. 493.—*Winemiller* v. *The State, id.* 516.

2. There was no affidavit, other than a general one, attached to the information, verifying the truth thereof. Is

May Term,
1830.

this sufficient, or ought an affidavit, separate from the information, to be first filed, to base such information upon? 2 R. S. p. 364.

We are of opinion that, looking to the provisions of the whole statute upon the subject of prosecutions by information, it was intended such proceeding should be based upon an affidavit first filed; and that it is not, therefore, sufficient that the information itself is merely verified.

The charges to the jury are complained of; but the view taken of the points above noticed renders it unnecessary to pass upon those charges.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*A. Ellison,* for the appellant.

*J. E. McDonald,* Attorney General, for the state.