GARRISON *v.* THE STATE.

Prosecution for a nuisance in keeping a disorderly house wherein intoxicating liquors were sold, "by then and there, at divers times, permitting dissolute persons to drink, tipple, carouse, and swear, to the annoyance," &c. *Held,* that evidence of "shooting, yelling, and laughing," was admissible to sustain the charge.

The jury, in cases of nuisance, may look to the evidence of acts done, and the probable consequence of them, rather than to testimony of particular witnesses as to the effect such acts had upon them.

APPEAL from the *Wabash* Court of Common Pleas.

*Monday,
June 4.*

HANNA, J.—This was a prosecution for a nuisance in keeping a house in a disorderly manner, wherein intoxicating liquors were sold, by "then and there, at divers times, permitting dissolute persons to drink, tipple, carouse, and swear, to the annoyance," &c. Conviction.

Two points are presented—

1. Upon the admission of evidence.

2. That the evidence is insufficient, &c.

It is urged that the proof should have been confined strictly to the particular acts of disorder mentioned in the information; and that it was, therefore, error to permit, as the Court did, evidence of "shooting, yelling, and laughing," in support of the said charge.

The *English* practice is to admit, on the trial, evidence of particular facts, &c., although the averment may be general. Archb. Cr. Pl. and Pr., pp. 607, 608. Here is the general averment of the manner in which the house was kept, and, to a certain extent, a specification of the particular acts which constituted the disorder complained of. Should the proof have been confined to that specification? Whether the same rule of evidence should obtain under our practice, it is not strictly necessary that we should decide in the case at bar, as we think the evidence given was properly admitted under the specification or charge contained in the information.

Next it is insisted that the evidence was not sufficient

May Term,
1860.

to show that there was a public nuisance to the disturb-ance or annoyance, &c.

There was ample proof of repeated and divers acts which, perhaps, in an order-loving or densely populated neighborhood, might have been considered a disturbance and an annoyance; but there was only one witness who testified that he and his family were annoyed, &c., several that they were not.· Was this sufficient? We think it so strongly tends to sustain the verdict as to preclude us from disturbing it. The jury had a right, and perhaps it was their duty, to look to the evidence of the acts done (and the probable consequences thereof), rather than to the testimony of particular witnesses as to the effect such acts had upon them.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. R. M. Bryant,* for the appellant.

*J. E. McDonald,* Attorney General, for the state.