McLaughlin *v.* The State.

## McLaughlin *v.* The State.

NUISANCE.—*Legislative Power.*—*Place where Intoxicating Liquors are Sold.*—The legislature has the power to declare a place where intoxicating liquors are sold, in violation of law, to be drank on the premises, a nuisance.

SAME.—*Abatement of.*—It is neither a cruel nor an unusual punishment to adjudge the abatement of a nuisance. Such a judgment is authorized in either a civil or criminal action.

LIQUOR LAW.—*Indictment.*—*Statute Construed.*—An indictment under the seventh section of the act to regulate the sale of intoxicating liquors, approved February 27th, 1873, charging the defendant with selling liquors to be drank on the premises, and to persons intoxicated, and to those in the habit of becoming intoxicated, must give the names of the persons to whom such sales were made or allege that their names are unknown. The eighteenth section of the said act does not dispense with the necessity of giving such names in the indictment.

INDICTMENT.—*Constitutional Law.*—*Legislative Power.*—The legislature has not the power to dispense with such allegations in indictments as are essential to reasonable particularity and certainty in the description of offences.

EVIDENCE.—*Venue.*—On the trial of a person indicted for keeping a nuisance, the evidence must show that the offence was committed in the county where charged.

From the Henry Circuit Court.

*J. Brown*, *J. L. Brown*, and *J. L. Mason*, for appellant.

*J. C. Denny*, Attorney General, for the State.

DOWNEY, C. J.—This was an indictment against the appellant, under the seventh section of the act to regulate the sale of intoxicating liquors, etc., approved February 27th, 1873. A motion to quash the indictment was made by the defendant, and overruled by the court. The defendant asked a change of venue, which was refused. He also asked for a continuance of the cause, which was refused. On plea of not guilty, he was tried by a jury, and there was a verdict of guilty against him. A motion for a new trial made by him was overruled, and final judgment was rendered against him for the fine assessed, and also that his room be shut up and abated as a common nuisance, and as a place or room for the sale of intoxicating liquors, and that all intoxicating liquors be removed therefrom, etc.

McLaughlin *v.* The State.

The first question for our consideration is the sufficiency of the indictment, which is as follows:

" The grand jurors for the county of Henry and State of Indiana, upon their oath, charge and present that Ralleigh McLaughlin, at the said county of Henry and State of Indiana, on the 1st day of July, 1873, and on divers other days and times between the day aforesaid and the day of making this presentment at the place aforesaid, did unlawfully keep, and was then and there unlawfully the keeper of a room, grocery, and saloon, it being a place of public resort, situated on the following described real estate in Henry county, in the State of Indiana, to wit: eighteen feet off the south side of the north half of lot number two (2), in block number five (5), in the original plat of the town of Knightstown, in said county and State; wherein he, the said Ralleigh McLaughlin, by himself and his agents, Cyrus Armstrong, George McCarty, and Eli C. Francis, and by each of them, did then and there at the times aforesaid, and at the place aforesaid, unlawfully sell, barter, and give away for the purpose of gain, to divers and numerous persons, intoxicating liquors, to be drunk in, upon, and about the building and premises, where said intoxicating liquors were sold, bartered, and given away as aforesaid; to wit, in, upon, and about the said room, grocery, and saloon first above in this presentment named, and in and about a room, building, and premises adjoining to and connected with the place aforesaid, where said intoxicating liquors were sold, bartered, and given away as aforesaid; and wherein the said Ralleigh McLaughlin by himself and his said agents, and by each of them, did, at the time aforesaid and at the place aforesaid, unlawfully sell, barter, and give away intoxicating liquors to numerous and divers persons then and there intoxicated, and to numerous and divers persons who were then and there in the habit of getting intoxicated, in violation of the act of the General Assembly of the State of Indiana, entitled an act to regulate the sale of intoxicating liquors, to provide against evils resulting from any sale thereof, to furnish remedies for

damages suffered by any person in consequence of such sale, prescribing penalties, to repeal all laws contravening the provisions of this act, and declaring an emergency, approved February 27th, 1873; he, the said Ralleigh McLaughlin, not then and there having obtained in any manner whatever a permit from the board of commissioners of the said county of Henry, in the State of Indiana, in which said county he then and there resided, to sell, barter, and give away, for the purpose of gain, intoxicating liquors to be drunk in, upon and about the building or premises where the liquor is sold, bartered, or given away; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The seventh section of the act is as follows:

"All places where intoxicating liquor is sold in violation of this act, shall be taken, held, and declared to be common nuisances; all rooms, taverns, eating houses, bazaars, restaurants, drug stores, groceries, coffee houses, cellars, or other places of public resort, where intoxicating liquors are sold in violation of this act, shall be shut up and abated as public nuisances, upon conviction of the keeper thereof, who shall be punished as hereinafter provided."

In the fourteenth section, it is provided, that "for every violation of the provisions of the seventh section of this act, any person convicted as the keeper of any of the places therein declared to be nuisances, shall forfeit and pay a fine of not less than twenty nor more than fifty dollars, and such place or places, so kept by such person so convicted, shall be shut up and abated as a common nuisance by the order of the court before which such conviction may be had as a further punishment, and such order shall be a part of the judgment of conviction."

The first objection urged is, that this part of the act in question is unconstitutional. It is urged that it is in violation of section sixteen of article-one of the constitution of the State. That section is as follows:

"Excessive bail shall not be required. Excessive fines

shall not be imposed. Cruel and unusual punishments shall not be inflicted. All penalties shall be proportioned to the nature of the offence."

The legislature has power to declare any practice deemed injurious to the public a nuisance and to punish it accordingly. *Bepley* v. *The State*, 4 Ind. 264. It is neither a cruel nor an unusual punishment to adjudge the abatement of a nuisance. Such judgment is authorized, either in a civil action or in a criminal action. 2 G. & H. 289, sec. 630, and p. 461, sec. 10. The punishment is not peculiar to the act in question.

The next objection is, that the indictment does not state to whom the liquor was sold, but charges generally that the defendant sold liquor to divers persons to be drank upon the premises, and to divers persons who were intoxicated, and to divers persons who were in the habit of becoming intoxicated. It is urged that as the illegal sales alone constitute the establishment a nuisance, the parties to whom the sales were made by the defendant should have been named in the indictment. We are of the opinion that this is a fatal objection to the indictment. We are aware of the fact that under the tenth section of the act relating to misdemeanors, 2 G. & H. 461, and under the thirteenth section of the temperance law of 1859, and kindred acts, indictments and informations have been sustained, this point not having been made or decided, which did not give the names of the persons to whom the sales were made. *Huber* v. *The State*, 25 Ind. 175; *Garrison* v. *The State*, 14 Ind. 287; *Brecount* v. *The State*, 5 Ind. 499; *Bepley* v. *The State, supra.* By those statutes, however, the act of keeping the house, etc., in a disorderly manner, was the gist of the offence. By the section now under consideration the act of selling by the person keeping the room, etc., is what constitutes the offence, without any reference to the manner in which the house is conducted or kept. There must, it is true, be a place kept, and it must be a place where intoxicating liquors are sold in violation of the act. The seventh section speaks of the "keeper" of the

place, and the fourteenth section speaks of " the keeper of any of the places," etc., and declares that the "place or places so kept" by such person, etc., shall be shut up, etc. The place must be one kept for the sale of intoxicating liquor. It need not be kept for that business exclusively. Intoxicating liquor must be sold in violation of the act, to make the party guilty. No other act aside from the keeping of the room, etc., is necessary to constitute the offence. If the offence consisted in keeping a room, etc., for the sale of the liquor, it would not matter whether the party found customers or made sales or not. But the party must not only keep the room, etc., but he must sell. Now, in order to constitute a sale, there must be a purchaser as well as a seller, and we think the name of the purchaser must be stated, or it must be alleged that his name is unknown to the grand jurors. The case is somewhat like the case of *Sowle* v. *The State*, 11 Ind. 492, which was a prosecution against the appellant upon a statute for suffering his grocery to be used for gambling. The statute in that case punished any one who should keep his building, etc., to be used for gambling, or any one who should suffer his building to be used for gambling. WORDEN, J., in delivering the opinion of the court, said: " Under the first branch of the section, for keeping a building, etc., for gambling, there need be no averment that gambling had actually taken place. *The State* v. *Miller*, 5 Blackf. 502. The court, in that case, say: ' The offence created by the statute is, the keeping or renting a room, etc., with the intention and purpose that gambling shall be carried on in it. The intention is a matter of proof; and if that can be established, it is immaterial whether the prohibited establishment shall find customers or not.' In such case, it being unnecessary to allege that any gaming was done in the building, it is of course not necessary to set forth the names of any persons who were permitted to gamble. This accords with *McAlpin* v. *The State*, 3 Ind. 567, and *Dormer* v. *The State*, 2 Ind. 308, both of which were indictments for keeping a gaming house. In the latter case,

McLaughlin *v.* The State.

a question was made as to duplicity—the indictment charging that the defendant kept and suffered his house to be used for gaming, etc. The court held that the indictment was not double, which was undoubtedly a correct ruling, for the obvious reason that, if the defendant kept his house for gambling, it could neither add to, nor diminish from the offence, that he suffered it to be used for the purpose for which it was kept. The latter was merged in the former. But the case is entirely different where the offence charged is suffering gambling in a building (not averred to be kept for that purpose), as in this case. In such case it being necessary to aver that gambling was suffered, it follows, from general principles of criminal pleading, that the names of the persons suffered to gamble should be stated, or a valid reason given for not stating them." See, also, *Ball* v. *The State*, 7 Blackf. 242, and cases there cited; *Carpenter* v. *The State*, 14 Ind. 109. In *The State* v. *Noland*, 29 Ind. 212, the court held that in an indictment for suffering a house to be used for gaming, the names of the persons who gamed must be stated. All the judges held the indictment would be bad on motion to quash, and all but FRAZER, C. J., held that it was bad on motion in arrest.

Any person who is the keeper of any room, tavern, eating house, bazaar, restaurant, drug store, grocery, coffee house, cellar, or other place of public resort, is liable to be prosecuted under this section, and if the form used in this case is sufficient, it need only be alleged that liquors were sold by him to divers persons. How is he to prepare for his defence against such a charge? Or if he shall be indicted a second time, how can it be made to appear that he has already been arraigned upon the same charge? There is no country, we presume, where the principles of the common law prevail, and the liberty of the citizen is respected, where the state is not required, in bringing an alleged criminal into court to answer a crime, to prefer against him, in the form of an affidavit, information, or indictment, a specific accusation of the crime charged. It is accordingly provided in the constitution of the State, sec. 13, art. 1: "In all criminal prosecu-

tions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offence shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor." The accused has a right to demand the nature and cause of the accusation against him, and to have a copy thereof. The accusation must be in writing. This is necessarily implied from the fact that the accused has a right to have a copy thereof. "The nature and cause of the accusation" must be stated. The constitutional guaranties, which we have just quoted, are of the utmost importance to a person accused of crime, and a disregard of them, or any of them, even in a prosecution designed to suppress a traffic so full of evil as that of retailing intoxicating liquors, can not be tolerated with any regard to the proper and safe administration of the criminal laws.

The principal objects in requiring a reasonable degree of particularity in charging an offence are, first, in order to identify the charge, lest the grand jury should find a bill for one offence and the defendant be put upon his trial, in chief, for another, without any authority. Second. That the defendant's conviction or acquittal may enure to his subsequent protection, should he be again questioned on the same grounds; the offence, therefore, should be defined by such circumstances as will, in such case, enable him to plead a previous conviction or acquittal of the same offence. Third. To warrant the court in granting or refusing any particular right or indulgence, which the defendant claims as incident to the nature of the case. Fourth. To enable the defendant to prepare for his defence, in particular cases, and to plead in all, or, if he prefer it, to submit to the court, by demurrer or motion to quash, whether the facts alleged, supposing them to be true, so support the conclusion in law, as to render it necessary for him to make any answer to the charge. Fifth. Finally and chiefly, to enable the court, looking at the record

McLaughlin *v.* The State.

after conviction, to decide whether the facts charged are sufficient to support a conviction of the particular crime, and to warrant their judgment; and also, in some instances, to guide them in the infliction of a proportionate measure of punishment upon the offender. 1 Whart. Crim. Law, sec. 300, *et seq.* Assuming that certain sales of intoxicating liquors were proved in this case before the grand jury, how is it shown that the sales thus proved, and on which the grand jury based their finding of the indictment, are the same sales which were proved by the witnesses on the trial of the cause before the traverse jury? Is it not evident that the grand jury may have found the indictment upon evidence of certain sales or supposed sales, while the conviction was upon entirely different sales? How is a conviction upon an indictment so indefinite to enure to the subsequent protection of the defendant, should he be again questioned on the same ground? How can the defendant prepare for his defence? Suppose it shall be charged that he sold to a person intoxicated, or in the habit of getting intoxicated, how can the defendant prepare to try the question whether the person is such or not? Or if the charge be for selling to an infant, it may be very important, in order that the defendant may be able to meet the proof of the State on the question of infancy. How can he do this, when he is not informed by the indictment who the infant is, to whom it is alleged the sale was made? And in any and every case, where he is charged with having made a sale in violation of the law, how can he be prepared to meet the charge, unless he is at least informed of the name of the person to whom he is alleged to have made the sale? The period of time within which a prosecution in such case must be commenced is two years. The prosecutor may charge the offence to have been committed on any day within the two years before the finding of the indictment; his proof need not correspond, however, with the time stated in the indictment, but he may prove that the offence was committed on any other day within the two years before the finding of the indictment.

How shall the defendant know on what transaction within the two years the State intends to rely ?   It is evident that it is little less than mockery to furnish the defendant with a copy of such an accusation.   In our judgment, the indictment in this case is defective in not defining the offence more particularly so as to make it appear upon what acts of the defendant, supposed to be criminal, the indictment was founded, so as to enable the defendant to prepare for his defence, and to plead the conviction or acquittal in his protection, should he be again indicted for the same offence.

In the case of *Whitney* v. *The State,* 10 Ind. 404, it was said by PERKINS, J.: " It is a general principle that criminal charges should be preferred with certainty, to at least a common intent, that the court and jury may know what they are to try, and acquit the defendant of or punish him for ; that the defendant may know what he is to answer to; and that the record may show, as far as may be, for what he has been once put in jeopardy." And see *Dillon* v. *The State,* 9 Ind. 408.   The general rule is, that the names of third persons must be set forth in the indictment with certainty.  There are cases where this may be excused, when it is alleged in the indictment that the names cannot be ascertained.   So much and so strictly is this exception limited, however, that if the name of the third party was known to the grand jurors when the indictment was found, or if the grand jury might have ascertained the name, if they had made the proper inquiry of the witness on whose testimony the indictment was found, the defendant will be acquitted.   *Blodget* v. *The State,* 3 Ind. 403.  Whether more sales than one must be alleged in an indictment under the seventh section, is a question which in this case we need not decide.   But see *Bepley* v. *The State, supra.*

The eighteenth section of the act, on a section of which the indictment is founded, provides, that, " in all prosecutions under this act, by indictment or otherwise, it shall not be necessary to state the kind of liquor sold, or to describe the place where sold, and it shall not be necessary to state the

name of the person to whom sold." So far as this section dispenses, or attempts to dispense, with a statement of the name of the person to whom the liquor was sold, we think it is invalid, for the reasons already stated. The legislature has not the power to dispense with such allegations in an indictment, etc., as are essential to reasonable particularity and certainty in the description of the offence.

There is at least one other ground on which the judgment ought to be reversed, and that is, that there was no evidence before the jury to show that the offence was committed in Henry county. There is a plat or diagram of the premises in the bill of exceptions, on which it is stated that the premises are in Henry county, Indiana, but this plat does not appear to have been given in evidence to the jury. No witness testified that the premises were in that county.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion to quash the indictment.