### JACKSON ET AL. *v.* REEVES.

CONSTITUTIONAL LAW.—*Title of Act.—Liquor Law of 1873.*—Section 12 of the liquor law of 1873 (Acts 1873, Reg. Sess. 151) was not liable to the objection that it was unconstitutional on account of there being more than one subject embraced in the title of the act.

BILL OF EXCEPTIONS.—*Striking Out Pleading.*—To present to the Supreme Court the action of the court below in striking out a paragraph of pleading, the question must be reserved by bill of exceptions.

WITNESS.—*Husband and Wife.—Construction of Statute.*—The words "in all cases," in the last sentence of section 18 of said act of 1873, applied to criminal actions only; and on the trial of an action brought by a married woman, under section 12 of said act, to recover damages sustained by her from the intoxication of her husband, caused by the use of intoxicating liquor sold to him by the defendant, said husband was not a competent witness to testify in behalf of his wife.

From the Steuben Circuit Court.

*J. A. Woodhull, W. G. Croxton* and *D. E. Palmer,* for appellants.

DOWNEY, J.—This was an action by the appellee against the appellants, under section 12 of the act relating to the sale of intoxicating liquors, approved February 27th, 1873, Acts 1873, p. 151, for damages alleged to have been sus-

tained by her from. the intoxication of her husband, by the use of intoxicating liquors sold to him by the defendants.

A demurrer to the complaint was filed by the defendants, and overruled by the court.

The defendants then answered by a general denial and a second paragraph, which latter was struck out, on motion of the plaintiff.

Upon trial by a jury, there was a verdict for the plaintiff for six hundred dollars. A motion for a new trial was made by the defendants, and overruled by the court.

The plaintiff then offered to remit three hundred dollars of the verdict.

The court then rendered judgment for the amount of the verdict, after which the plaintiff remitted three hundred dollars of the amount of the judgment.

The errors properly assigned are:

1. Overruling the demurrer to the complaint.

2. Striking out the second paragraph of the answer.

3. Overruling the motion for a new trial.

Other alleged errors are only grounds for a new trial.

It is urged that the law on which the action is founded is unconstitutional, on account of there being two subjects embraced in the title of the act. We do not concur in this view, but, as the law has been repealed, do not deem it necessary to state our reasons for so holding, at length.

Again, it is urged that the complaint does not sufficiently aver that the plaintiff was the wife of the person to whom the liquor was sold, at the time of the sale. We think this objection is not well taken.

We think there is nothing in the other objections urged against the complaint.

We do not find that the question relating to the striking out of the second paragraph of the answer was reserved by bill of exceptions. That was necessary, in order to present the question to this court. There are many cases to this effect.

On the trial of the cause, the husband of the plaintiff was offered as a witness in her favor. The defendants objected to his testifying, because of incompetency. The objection was overruled, and he gave material testimony in the cause.

This action of the court, it is claimed by the appellee, was justified by the last sentence of the eighteenth section of the act on which the action is founded.

The whole section reads as follows:

"Sec. 18. In all prosecutions under this act, by indictment or otherwise, it shall not be necessary to state the kind of liquor sold, or to describe the place where sold, and it shall not be necessary to state the name of the person to whom sold. In all cases, the person .or persons to whom intoxicating liquors shall be sold in violation of this act, shall be competent witnesses to prove such facts or any other tending thereto."

We do not think this section can receive the construction placed upon it. The first part of the section has been adjudged unconstitutional by this court, so far as it attempts to dispense with certain allegations in the indictment, etc. *McLaughlin* v. *The State,* 45 Ind. 338.

We think, in view of the common law rule, and in view of the legislative policy of the State, by which husband and wife are incompetent witnesses for or against each other, that the last sentence of the section should not be held to render the husband competent to testify for the wife in such a case.

Indeed, we think the whole section should be held to apply to criminal actions only. The section commences with a provision with reference to "prosecutions under this act, by indictment or otherwise;" that is, by indictment, information, or on affidavit. Then follows the sentence in question, which makes provision applicable "in all cases;" that is, as we construe it, all cases before spoken of in the section. For this ruling of the circuit court, the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with instructions to grant a new trial, and to allow an amendment of the complaint, if requested.