Okey, J.
Lane was convicted, in 1883, in the Court of Common Pleas of Fayette county, and sentenced to the penitentiary, under Rev. Stats. § 7050, winch provides: “ "Whoever votes more than once at the same election shall be imprisoned in the penitentiary not more than five nor less than one year.” The indictment charges that Lane, on April 2, 1883, “ at the township of Union, in the county of Payette aforesaid, did unlawfully, willfully and knowingly vote more than once, to wit, twice, at a certain corporation election then and there being duly holden and authorized to be holden by the laws of the *313 state of Ohio.” Lane on leave filed a petition in error in this court to reverse the conviction, and the question is whether the indictment is sufficient.
Counsel for the state endeavor to sustain the conviction under Rev. Stats. § 7215, which provides, among other things, that an indictment shall not be deemed invalid for any of certain enumerated defects; “ nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.” But the defects mentioned relate to matters of form, and the words quoted apply only to such matters as are egusdem generis with those comprehended in the preceding part of the section. Schultz v. Cambridge, 38 Ohio St. 659. ■ And see 5 Eng. Stats. (Rev. ed.) 332; 11 lb. 264, from which the above section was in part borrowed.
Counsel for the state also rely on Rev. Stats. § 7225, which provides: “ When an offense is committed in relation to an election, an indictment for such offense shall be deemed sufficient if it allege that such election was authorized by law, without stating the names of the officers holding the election, or the persons voted for, or the offices to be filled, at such election.” But we cannot see that by a fair construction of that section this indictment is aided. From the enumeration of averments that may be dispensed with, the implication arises that in other respects the ordinary rules of criminal pleading should be observed. The offense is one concerning “ an election,” and there must be an allegation that “ such election was authorized.” Evidently it was intended that the indictment should show what election was held. Even if the section could be thought to bear a different construction, the result would be the same. Felonies must be prosecuted by indictment (Const, art. 1, § 10; Dillingham v. State, 5 Ohio St. 280); and while the legislature has the power to prescribe forms and dispense with many formal allegations in indictments, there is a limit to such power, and it is clear that there is no authority in the legislature to enact or in the court to determine, that that shall be a sufficient indictment which fails to inform the accused of the offense with which he is charged. McLaughlin v. State, *314 45 Ind. 338; Longee v. State, Bensal v. State, 11 Ohio, 68, 72; Miller v. State, 3 Ohio St. 475; S. & C. 1435; Wolf v. State, Turpin v. State, 19 Ohio St. 248, 540 ; Williams v. State, 35 Ohio St. 175; Wharf;. Cr. Pl. & Pr. § 90 ; Bishop’s Or. Pro. § 104 et seq.
In any view the indictment is insufficient. Its words may refer to an election by a private corporation, which is provided for by statute (Rev. Stats. § 3246); but to vote more than once at such an election is not declared to be an offence. ■ The words may also refer to a township election, for townships are corporations (Rev. Stats. §1376), and each township was authorized (Rev. Stats. § 1442) to hold an election on April 2, 1883. Washington, which is in Union township, Fayette county, was also a corporation — a municipal' corporation — Rev. Stats. § 1552, and it was authorized by law (Rev. Stats. § 1723) to hold an election on April 2, 18S3. It was for voting twice at the latter election that Lane was convicted. But without-enumerating other elections to which this indictment may refer, it is sufficient to say that such an indictment is too loose and indefinite to support a conviction.

Judgment reversed.