Supreme Court—General Term—Fourth Department.

*November*, 1886.

## PEOPLE *v.* JOHNSON.

### AMENDMENT OF INDICTMENT.

The defendant was indicted for seduction under promise of marriage of one Mary Olyphant, at Wilna, in Jefferson county  Upon the trial the court allowed an amendment of the indictment to conform to the proof, by substituting "Olivert" for "Olyphant," and "Champion" for "Wilna." *Held,* no error

The provisions of section 293, Code of Criminal Procedure, allowing amendment of indictments, are constitutional.

APPEAL by William B. Johnson, defendant, from a judgment of the Court of Sessions of Jefferson county, convicting him of seduction under promise of marriage, and from an order denying motion for a new trial made on the minutes.

The indictment charged the defendant with seducing, under promise of marriage, one "Mary Olyphant," at the town of Wilna, Jefferson county. Upon the trial it appears that the name of the party seduced was "Mary Olivert," and that the offense was committed in the town of Champion, in said county.

The district attorney thereupon moved to amend the indictment, under section 293 of the Code of Criminal Procedure, by substituting the true name of the prosecutrix. This application was allowed by the trial court under the objection and exception of defendant's counsel.

*Thomas F. Kearns,* for defendant, appellant.

*E. C. Emerson,* district attorney, for the people, respondent. —I. There was no material variance between the allegations in the indictment and the proofs. But if there was it was cured

by the amendment. The indictment alleges that the defendant seduced a female named Mary Olyphant, while the proof showed her name was Mary Olivert. The defendant's counsel claims that this is a material variance. Under the strict prac-tice of pleading at common law, it is possible that this contention would be correct. The rule there held was that if the names were sounded alike the variance would be disregarded. 1 *Bish. Crim. Pro.* 3d ed. §§ 688, 689; 1 *Chitty Crim. Law,* 203, 216.

The statute of jeofails, passed to remedy the strict rules of common law pleading, provided that no indictment should be deemed invalid by reason of any defect or imperfection in matter of form which shall not tend to the prejudice of the defendant. 3 *N. Y. R. S.* 6th ed. 1022, § 54.

As Mary Olivert was the person referred to in the indictment, and the only defect was in spelling the name, it was clearly an imperfection in matter of form only, which did not prejudice the defendant, and could therefore have been properly disregarded even before the passage of the Criminal Code. People *v.* Powers, 6 *N. Y.* 50; Fleming *v.* Powers, 27 *Id.* 329.

II. The rule of pleading is, however, much more liberal under the Code of Criminal Procedure than formerly. *Code Crim. Pro.* § 684. The purpose and intent of the Code of Criminal Procedure was to abrogate technical rules, and to substitute a simpler form and a more liberal interpretation. People *v.* Conroy, 97 *N. Y.* 62; People *v.* Menkin, 36 *Hun,* 90, 95. It is submitted that under its provisions (§§ 281, 284, 285, 686) the variance was not material, and could properly have been disregarded.

III. But if the difference in name be regarded as a material variance, it was cured by amendment. It is provided that where a variance shall appear between the allegations and proofs, in the name of any person or thing, the court may in its judgment, if the defendant cannot be prejudiced in his defense on the merits, direct the indictment to be amended according to the proof. *Code Crim. Pro.* § 293. The provision of the Code is valid and constitutional. While an indictment

cannot be amended in matter of substance, it could be amended in matter of form even at common law. 1 *Chitty Crim. Law,* 297. The object of the declaration of rights was to secure substantial privileges and benefits to persons accused of crime, not to require particular form. Accordingly a statute authorizing an amendment of an indictment by changing the name of person alleged to be injured is constitutional. The amendment authorized is one in form, not in substance. 1 *Bish. Crim. Pro.* 3d ed. §§ 97, 98; Comm. *v.* Holley, 3 *Gray.* 458; People *v.* Poucher, 30 *Hun,* 576, 578. The amendment of the indictment and proceedings ordered by the court was therefore proper.

IV. As to the other variance which is claimed, the indictment alleged the commission of the crime in the town of Wilna, Jefferson county, and the proof showed that it was committed in the town of Champion, Jefferson county. There is no rule of criminal pleading better settled than that allegations as to time and place are immaterial and need not be proved as laid, unless they are necessary ingredients in the offense. People *v.* Stockton, 50 *Barb.* 574; 2 *Colby Crim. Law,* 130; 1 *Bish. Crim. Pro.* 3d ed. §§ 370, 371; *Arch. Crim. Pl.* 4th Am. ed. 37, 38; 1 *Barbour Crim. Law,* 3d ed. 331; 1 *Whar. Crim. Law,* §§ 261, 599, 601; People *v.* Breese, 7 *Cow.* 429; *Code Crim. Pro.* § 284. As the allegation of place in this case was not an ingredient in the offense, it follows that the variance was immaterial and was properly disregarded.

A majority of the court (HARDIN, P. J., and BOARDMAN, J.) held the above section of the Code to be constitutional and that the indictment was properly amended, and the judgment of conviction was affirmed.

FOLLETT, J. dissented from the conclusions of the court, and delivered the following opinion:

FOLLETT, J. (dissenting).—Defendant was indicted for seducing and having sexual intercourse with Mary *Olyphant,* at the town of Wilna, under the promise of marriage. Upon the

trial it appeared that the person seduced was Mary *Olivert*, and that the seduction occurred at the town of *Champion*. Upon motion of the people the indictment was amended by an order made and entered substituting the name of Mary Olivert in place of Mary Olyphant in the indictment. To this ruling the defendant objected and excepted, and at the close of the people's case, and again at the close of the evidence, he asked the court to direct an acquittal, because of the variance, which was refused, and exceptions taken.

Section 293 of the Code of Criminal Procedure provides that when there is a variance between the allegation in the indictment and the proof given on the trial with respect to the name of a person, the court may direct the indictment to be amended according to the proof. It clearly appears that the defendant was not prejudiced in his defense on the merits by the amendment, and it follows that no error was committed unless the amendment violated section 6 of article 1 of the Constitution, which provides that "No person shall be held to answer for a capital or otherwise infamous crime . . . unless on presentment or indictment of a grand jury."

It has always been held that an identification of the felony charged by apt descriptive words is a material allegation in an indictment, without which it is invalid.

Under the Constitution material allegations must be averred by and upon the oaths of grand jurors, and they cannot be averred by any other authority.

The Constitution of New Jersey provides: "No person shall be held to answer for a criminal offense unless on the presentment or indictment of a grand jury. Article 1, § 9.

Article 43 of the Revised Statutes, page 275, which took effect January 1, 1875, authorized the court to amend indictments whenever there shall be any variance between the statement therein and the evidence offered in proof thereof in the name of place, person owning property, or person or property, matter or thing named or described therein.

In State *v.* Startup (39 *N. J. L.* 425), it was held: "It is plain that the legislature cannot constitutionally authorize an amendment in substance which will change an indictment found

by a grand jury so as to substitute one crime for another charged therein; nor if the indictment failed to set out any crime, can the court so amend it as to charge the crime which it is supposed they intended." Page 432.

The constitution of Indiana provides. "In all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witness face to face and to have compulsory process for obtaining witnesses in his favor." Article 1, § 13.

By the eighteenth section of the excise act of 1850, it was provided: "In all prosecutions under this act by indictment or otherwise it shall not be necessary to state the kind of liquor sold, or to describe the place where sold, and it shall not be necessary to state the name of the person to whom sold."

An indictment was found under this statute which did not allege the name of the person to whom the liquor was sold and a conviction was had, which was reversed, the court saying: "So far as this section dispenses, or attempts to dispense, with a statement of the name of the person to whom the liquor was sold, we think it is invalid for the reasons already stated. The legislature has not the power to dispense with such allegations in an indictment, &c., as are essential to reasonable particularity and certainty in the description of the offense. McLaughlin v. The State, 45 *Ind.* 338–347; see also 1 *Bish. Crim. P.* 3d ed. § 97; *Whar. Crim. P. and P.* 8th ed. § 90.

The only remaining question is, was the allegation which was changed a material or substantial one? Of this I think there can be no doubt. It was necessary to aver that defendant had seduced under a promise of marriage and had sexual intercourse with a certain chaste female. A description of the female by name or descriptive words identifying her so that she might be distinguished from all others, was indispensible, as much so as in an indictment for murder.

The identification by name or by descriptive words of the

person against whom the felony was committed, is a material allegation in an indictment charging a felony arising out of an injury to a person. 1 *Bish. Crim. Pro.* 3d ed. §§ 488, 677; *Whar. Crim. P. and P.* 8th ed. § 116; *Whar. Crim. Ev.* § 95; *Heard's Crim. Pl.* 55, 58.

The indictment is not aided by section 281 of the Code of Criminal Procedure, because there is no attempt to identify the person injured except by name and by the town in which the offense was committed, and in both respects the description is erroneous. Suppose an indictment charges a defendant with having murdered John Black at the town of Wilna, and the proof is that defendant murdered John Brown at the town of Champion, could the court under the constitution amend the indictment according to the proofs. I think not.

The view taken of this question renders it unnecessary to consider the exceptions taken to the admission or exclusion of evidence or the exception to the charge that defendant might be found guilty, though the woman consented upon defendant's promise to marry her in case she became pregnant by the intercourse.

The judgment should be reversed, and a conviction being impossible under the indictment, the defendant should be discharged and his bail exonerated. *Code Crim. Pro.* § 545.

Judgment of conviction affirmed.