(Hamilton County, Ohio, Court of Common Pleas.)

### ROBERT GROENLAND v. THE STATE OF OHIO.

*Prosecution—Indefiniteness in charges of affidavit--*

By section 10 of our Bill of Rights, the defendant in a criminal prosecution is entitled to a definite statement of the nature and cause of accusation against him, and this right cannot be impaired by the legislature.

In a prosecution under the adulterated food law, for having for sale a drug which "differed from the standard of strength laid down in the U. S. Pharmacopoeia, without stating whether such drug was below or above the strength, and which of the constituent elements of such drug so differed, is insufficient for indefiniteness.

An affidavit in the words of the statute where the words of the statute are not sufficient to define the offense, is not sufficient.

---

BUCHWALTER, J.

The defendant was convicted before a jury in the justice of the peace court upon the following charge:

"That on or about the 9th day of October, A. D. 1896, at the said county of Hamilton, Robert Groenland, sold to A. Bierlein, 1 Dz. solution-sub-acetate of lead, a drug, recognized in the United States Pharmacopoeia, and used externally for a medicine, which was adulterated in the following respect, to-wit:    Said solution sub-acetate of lead differed from

the standard of strength laid down in said United States Pharmacopoeia, contrary to the statutes in such case made and provided."

The transcript with bill of exceptions presents to the record of trial.

1. Error is claimed in the charge of the Justice as to reasonable doubt, but the defendant's exception was not directed to that feature of the charge, nor the attention of the Justice called to that fact. Therefore the defendant cannot avail himself of that error, if any.

2. My attention is also called to the alleged errors of the Justice in overruling the defendant's motion to quash his demurrer filed before proceeding to the trial by jury, and to the overruling of his motion in arrest of judgment after verdict, as well as of the motion for new trial.

My attention is especially directed to the alleged indefiniteness of the accusation in the affidavit or complaint upon which defendant was arraigned and tried. It was the constitutional right of the defendant to have a statement of the nature and cause of the accusation against him. Sec. 10, Bill of Rights. The accusation in this complaint would cover the offense of adulterating such drug, the sub-acetate of lead, whether it differed from the standard of strength laid down in said Pharmacopoeia, in being above or below in the per cent. of strength, or in the strength of either of the three elements of such compound drug. (The proof shows that said drug is composed of 100 parts of oxide of lead, 170 parts of acetate of lead and distilled water, boiled together in solution at about 25 per cent. as sub-acetate of lead). It is clear then that the complaint was indefinite. Every one charged with crime is presumed innocent until proven guilty, and an innocent man could not know the nature of such a charge, or which of said several charges he would have to meet. Besides, as the sample is procured by the prosecution, it is known to a certainty from analysis wherein the difference is; it is upon the sample sold that the charge is founded. It is an unfair advantage taken of the defendant, and contravenes his constitutional right, not to charge him in the statement with such definiteness of fact as is plainly within the knowledge of the prosecution, and not within the knowledge of an innocent man.

The text writers on criminal pleading state the rule to be that the information or indictment must state the charge of the crime with certainty and precision, and set out the facts which constitute the same. See also, Dillingham v. State (5 Syl.) 5 Ohio St., 280; Lambston v. State, 11 Ohio St. 282; Foutz v. State, 8 Ohio St. 114; Davis v. State 7 Ohio (pt. 1,) 205; Lane v. State, 39 Ohio St. 313; McLaughlin v. State, 45 Ind. 338.

Even legislative authority can not dispense with the constitutional requirement to set out definitely the nature of the offense so that the accused may be informed. The rule that charging a statutory offense in the words of the statute is sufficient, is inapplicable, where the statute does not use sufficient words to describe the offense, as where there is indefiniteness, or where the offense is stated involving conclusion. 1 Bish. Crim. Procedure, sec. 619; State v. Hill, 79 N. C. 657; State v. Credle, 91 N. C. 644.

The motion to quash ought to have been granted. The charge in the affidavit or information should have set out the standard elements or character of the drug, the sub-acetate of lead, as described in the U. S. Pharmacopoeia known at the time of the enactment of the statute, and the constituent elements of the defendant's drug—or at least that element in which it differed from the standard.

3. Another error is claimed which I find well founded. The prosecution did not prove that the drug was sold by the defendant, nor by any authorized agent. The bare proof was made that it was sold from the defendant's drug store. This has been held to be insufficient. Parker v. State 4 Ohio St. 565, (3rd syllabus).

At the close of the trial defendant's counsel moved to arrest the evi-- dence and for discharge of defendant, which motion ought to have been granted, and this error is not cured by evidence given by witnesses for the: defense.

Judgment reversed, and cause remanded.