## THE STATE *v.* MILLER.

An indictment under the statute of 1838, charging that the defendant kept a room "to be used and occupied for gambling," is sufficient,—an allegation that gambling had actually taken place in the room not being necessary.

ERROR to the *Franklin* Circuit Court.

DEWEY, J.—The indictment in this case charges, that the defendant kept a room " to be used and occupied for gambling." The defendant moved the Court to quash the indictment. The motion was sustained, and the defendant discharged.

The prosecution is founded on a statute which provides, that " if any person or persons shall keep a room, building, arbor, booth, shed, or tenement, to be used and occupied for

gambling, or if any person or persons, being the owner of any room, &c., shall rent the same to be used and occupied for gambling, the person or persons so offending shall, on conviction thereof, be fined," &c.   R. S. 1838, p. 325.

The objection urged against the indictment is, that it does not allege that gambling had actually taken place in the room charged to have been kept for the purpose of gambling. This objection cannot be sustained.   The offence created by the statute is the keeping or renting a room, &c. with the intention and purpose that gambling shall be carried on in it. The intention is a matter of proof; and if that can be established, it is immaterial whether the prohibited establishment shall find customers or not.   The indictment charges the offence in the language of the statute, and makes a case clearly within its spirit.   It is, besides, conformable to precedents in similar cases.   3 Chitt. C. L. 372.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. J. Peaslee*, for the state.

*J. Ryman*, for the defendant.