### HOWARD *v.* THE STATE.

CRIMINAL LAW.—*Professional Gambler.*—*Affidavit.*—*Evidence.*—In a prosecution before the mayor of a city, under section 3 of the act of March 15th, 1877, Acts 1877, Spec. Sess., p. 80, which section defines a professional gambler, the affidavit alleged, that, at, etc., on a certain day, "and at divers times" thereafter, the defendant did "then and there unlawfully frequent, for the purpose of gaming with cards, a certain place in said county where gambling was then permitted, to wit, a certain room then and there occupied by one" S. S., etc.

*Held,* that the affidavit is sufficient.

*Held,* also, that it is not necessary to aver or prove that the defendant actually engaged in gaming.

From the Wayne Circuit Court.

*J. Yaryan, J. L. Yaryan* and *S. A. Forkner,* for appellant.

*T. W. Woollen,* Attorney General, and *H. U. Johnson,* Prosecuting Attorney, for the State.

WORDEN, J.—This was a prosecution commenced and tried before the Mayor of the City of Richmond, and appealed to the Wayne Circuit Court, where the cause was tried by a jury, resulting in a conviction and a fine of twenty-five dollars.

The affidavit on which the prosecution was based was as follows:

"STATE OF INDIANA, Wayne County, ss.:

"Personally appeared before the undersigned, Mayor of the City of Richmond, in said county and State, this 11th day of August, 1877, Thomas Yeager, of lawful age, who, being by me first duly sworn according to law, deposes and

says that George Howard, late of Wayne county, Indiana, did, at said county, on the 1st day of June, 1877, and at divers times from that day and date, up to the filing of this affidavit, then and there unlawfully frequent, for the purpose of gaming with cards, a certain place in said county, where gambling was then permitted, to wit, a certain room then and there occupied by one Samuel Sands, in the old Fremont House building, on the north-east corner of Main and Fifth streets, in said city of Richmond, in the county and State aforesaid, contrary," etc.

The appellant made motions to quash the affidavit, for a new trial, and in arrest of judgment, which were severally overruled, and exceptions taken.

The prosecution was based upon the 3d section of the act of March 15th, 1877, Acts 1877, Spec. Sess., p. 80, which provides as follows :

"Any person, who, for the purpose of gaming with cards or otherwise, travels about from place to place, or shall frequent any place where gambling is permitted, shall be deemed a professional gambler."

The penalty prescribed, on conviction of being a professional gambler, is a fine of not less than twenty-five dollars, nor more than one hundred dollars, as is provided for by the 9th section of the act.

In the case of *The State* v. *Newton*, 59 Ind. 173, it was held that the provisions of the above mentioned act, which create offences and prescribe punishment, are constitutional and valid ; while some of its provisions for securing the punishment may not be. The prosecution in this case, however, seems to have been carried on under the general provisions of law for State prosecutions, and not under the peculiar provisions of that statute.

The affidavit was duly filed before the mayor, on which process was issued, by virtue of which the defendant was arrested and brought into court. The proceedings seem to have been entirely regular.

Several objections are made to the affidavit, which we proceed to consider.

First, it is objected, that the affidavit is bad because it does not state the name of the person by whom the gambling was permitted, at the place mentioned. Conceding, without deciding, that it was necessary to state such name, we think it was stated. The affidavit stated that the room, the place, where the gambling was permitted, was then and there occupied by Samuel Sands. This must be taken to have been a legal occupancy; and it must be assumed, that Sands, for the time being at least, had the right to control the use of the room. He therefore had the right to prohibit gambling in it; and, if gambling was permitted in it, did not Sands permit it? Clearly he did. No one else could have given the permission.

It is further objected, that the affidavit should have specified the kind of gambling which was permitted in the room, and that the appellant frequented the room for the purpose of gaming with cards, at the kind of game that was permitted therein. This was clearly unnecessary. If the defendant frequented the room for the purpose of gaming with cards, it was wholly immaterial what kind of a game at cards was permitted, or what kind the defendant frequented the room to play at.

It is also objected, that the affidavit should have alleged, and the evidence should have shown, that the defendant actually gambled at the place thus charged to have been frequented by him, in order to make out a case within the statute. We are of a different opinion. The statute does not require that he should have gambled, in order to make out the offence.

The offence consists in frequenting the place where gambling is permitted, for the purpose of gaming with cards or otherwise. Actual gaming would of course be strong evidence of the purpose of frequenting the place, but

would not be necessary to the completion of the offence. A party might frequent the place where gaming is permitted, for the purpose of gaming with cards or otherwise; and yet some thing might occur at each visit to prevent his gaming. The offence would, nevertheless, be as perfect as if he had gambled. The case is much like that of *The State* v. *Miller*, 5 Blackf. 502.

There the indictment charged, that the defendant kept a room "to be used and occupied for gambling," but did not allege that any gambling had taken place in it. The statute made it an offence to keep a room, etc., "to be used and occupied for gambling." The indictment was held good. The court said: "The objection urged against the indictment is, that it does not allege that gambling had actually taken place in the room charged to have been kept for the purpose of gambling. This objection can not be sustained. The offence created by the statute is the keeping or renting of a room, etc., with the intention and purpose that gambling shall be carried on in it. The intention is a matter of proof; and if that can be established, it is immaterial whether the prohibited establishment shall find customers or not."

It is furthermore objected, that the words in the affidavit, "where gambling was then permitted," are "not a statement of a fact, but a mere conclusion, drawn from the facts." There is nothing in this objection. The averment, that "gambling was then permitted," was an averment of fact, and not a mere conclusion or inference.

No objection is made on the ground of the admission or exclusion of evidence, or to the charges of the court. There was a mass of evidence which sustains the verdict, and we find no error in the record.

The judgment below is affirmed, with costs.