Filed Jan. 8, 1887.

---

No. 12,991.

## GREEN *v.* THE STATE.

CRIMINAL LAW.—*Frequenting Gambling House.—Evidence.*—Where a person is indicted for frequenting a place where gambling is permitted, evidence that the defendant was in such place on one occasion is not sufficient to sustain a conviction.

From the Jay Circuit Court.

*C. Corwin* and *J. M. Smith,* for appellant.

*L. T. Michener,* Attorney General, and *W. B. Hord,* for the State.

NIBLACK, J.—Section 2085, R. S. 1881, enacts that " Whoever, for the purpose of gaming with cards or otherwise, travels about from place to place, or frequents any place where

gambling is permitted, or engages in gambling for a livelihood, is a common gambler, and, upon conviction thereof, shall be fined not more than one hundred dollars nor less than five dollars, to which may be added imprisonment in the county jail not more than three months nor less than ten days."

On the 30th day of December, 1885, an indictment was returned in the court below against the appellant, Edward O. Green, for frequenting a certain described house in which gambling was permitted, on divers days and times between the 1st day of August, 1885, and the time of returning the indictment.

The circuit court, trying the cause without a jury, found the appellant guilty as charged, assessing a fine only against him, and rendered judgment accordingly.

Several witnesses testified to having seen the appellant on the night of the 17th day of October, 1885, in a room of the building, described in the indictment, engaged in a game on which money was wagered, but there was no evidence either showing or tending to show that he had ever visited the house, or been present at any game played in it, at any other time.

This evidence was clearly insufficient to sustain the finding of the circuit court.

Webster, in his dictionary, states the meaning of the verb "to frequent" to be "to visit often," "to resort to often or habitually."

Proof of an occasional visit to a house in which gambling is permitted, is not sufficient to sustain a conviction in a case like the one before us. To make the *frequenting* of such a house a misdemeanor, it must be something akin to, or in the nature of, a habit. When a person engages in a game for a wager, whether in a gambling house or elsewhere, he commits a criminal offence, but the offence which he thus commits is an essentially different one from that charged in this case.

A person may be guilty of *frequenting* a gambling house

for the purpose of gaming without actually engaging in any game. *Howard* v. *State,* 64 Ind. 516.

It is a dissolute and demoralizing course of life against which the law declares in the second division of the statute herein above set out.

Reference is also made to the following authorities: *State* v. *Miller,* 5 Blackf. 502; *State* v. *Allen,* 69 Ind. 124; Bishop Stat. Crimes, section 1018; 1 Bishop Crim. Law, section 1102, vol. 2, section 651; *State* v. *Markham,* 15 La. An. 498; *Antle* v. *State,* 6 Texas App. 202.

The judgment is reversed, and the cause remanded for a new trial.

Filed Jan. 12, 1887.