De Haven v. The State.

No. 449.

## DE HAVEN v. THE STATE.

CRIMINAL LAW.—*Gaming.*—*Prosecution for Being Common Gambler.*—*Former Conviction of Keeping a Gambling-Room.*—A conviction before the mayor on an affidavit charging the defendant with keeping a gambling-room is no bar to a subsequent prosecution under section 2085, R. S. 1881, for being a common gambler.

SAME.—*Former Jeopardy.*—Where a person procures his own conviction before the mayor for keeping a gambling-room, for the purpose of preventing action by the grand jury in the same matter, he is not thereby put in jeopardy, and can not plead his conviction in bar of an indictment for being a common gambler.

From the Miami Circuit Court.

*S. D. Carpenter*, for appellant.

*A. G. Smith*, Attorney General, and *F. D. Butler*, Prosecuting Attorney, for the State.

NEW, C. J.—The appellant was indicted and convicted, as a common gambler, under section 2085, R. S. 1881.

The error assigned is, that the court erred in overruling appellant's motion for a new trial.

The indictment, omitting the caption and the signature of the prosecuting attorney, is as follows:

"The grand jury of the county of Miami and State of Indiana, upon their oaths, do present, that Elmer De Haven, on the 19th day of January, in the year 1891, at the county of Miami, in the State of Indiana, and on divers other times before and after the said date, and previous to this presentment, did then and there unlawfully frequent for the purpose, and engage therein for a livelihood, gaming with cards, roulette, faro and dice, at a certain place in said county, where gambling was then and there permitted, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

It was admitted upon the trial by the appellant, "that on

the 14th of January, 1891, he kept a gambling-room in Peru, Miami county, Indiana, and that he frequented the same and engaged at gaming therein for a livelihood with cards; that said room was situate over a saloon kept by one Michael O'Brien, for a period of one year prior to January 14th, 1891; that prior to keeping said room over O'Brien's saloon he was engaged, for a period of one year, in keeping a gambling-room over the saloon of Andres & Co., in said city of Peru, and then and there engaged in gaming with cards and other devices for a livelihood."

John W. Young, a witness for the State, testified: "I am a train dispatcher. I am acquainted with Elmer De Haven, the defendant. Have known him for two years last past. I had a conversation with him at or near Dubbs' restaurant a short time after he, De Haven, had been convicted before the mayor, on January 14th, 1891, for keeping a gaming-room. I said to him: 'The mayor gave it to you a little hard.' He said: 'Yes, I procured Kenworthy to file the affidavit against me, in order to prevent the grand jury from taking action in the matter.' I know the defendant frequents gambling-houses. He has ever since I have known him been running or frequenting gambling-rooms. Every time I have seen him he was either eating his dinner, or on the street, or in the gambling-room."

Thomas Pierce, a witness for the State, testified: "I know the gambling place kept over the saloon of Michael O'Brien, in the city of Peru. I saw De Haven, the defendant, about the place. I owned the 'take off.' I was away from home most of the time. De Haven managed and controlled the place for me, and handled the money for me, from the time the room was opened until the 14th of January, 1891."

John Monning, a witness for the State, testified: "I know the gambling-room over O'Brien's saloon in the city of Peru. The defendant, De Haven, managed and controlled it up to January 14th, 1891. I think Thomas Pierce was the owner of the place and furniture."

Thomas Kenworthy, a witness for the State, testified : " I am the deputy marshal of the city of Peru. I am acquainted with the defendant, De Haven. He asked me on January 14th, 1891, to file an affidavit against him for keeping a poker and dice-room. He said he played poker and dice. I filed an affidavit against him, as he requested, before the mayor, and arrested the defendant upon a warrant issued by the mayor. upon that affidavit, on January the 14th, 1891. I do not know anything about what business the defendant is engaged in, or follows for a livelihood."

Jesse S. Zern, on behalf of the appellant, testified, in substance, that he had been the mayor of the city of Peru since May, 1889 ; that the appellant was, on the 14th of January, 1891, arrested upon a warrant issued by him, as such mayor, upon an affidavit made by Thomas Kenworthy, charging the appellant with keeping a gaming-house. Said affidavit, omitting the caption and jurat, reads as follows :

" Thomas Kenworthy, being duly sworn, on his oath deposes and says that on the 13th of January, 1891, and on divers other days prior to the filing of this affidavit, in the county of Miami and State of Indiana, Elmer De Haven did, then and there, unlawfully keep a room to be used and occupied for gambling, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

It further appears from the record that the appellant was, upon said affidavit, arraigned before said mayor, and thereto entered a plea of guilty, and was fined in the sum of $25.

The appellant's counsel contends that the offence charged against the appellant in the case at bar, to wit, that of being a common gambler, is shown by the evidence to have been included in that of being the keeper of a gaming-room, for which he has already been tried and convicted before the mayor ; that as to the facts constituting the offence charged against him of being a common gambler, he has already been once in jeopardy.

In 1 Bishop Criminal Law, section 1052, where the effect of a former conviction or acquittal, as a bar, is discussed, it is said : " The test is, whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction ; when there could, the second can not be maintained ; when there could not, it can be."

In Gillett Criminal Law, section 31, we find the rule stated thus : " The test as to whether a valid prosecution under one indictment is a bar to a second presentment is this : Would the matter which is set out in the second indictment, if it had been proved on the former trial, have justified a conviction ? If it would, the second prosecution can not be maintained, otherwise it may."

The Supreme Court of this State, in the case of *State* v. *Elder*, 65 Ind. 282, declared the true rules, deducible from both principle and authority, to be :

" 1. When the facts constitute but one offence, though it may be susceptible of division into parts, as in larceny for stealing several articles of property at the same time, belonging to the same person, a prosecution to final judgment for stealing a part of the articles will be a bar to a subsequent prosecution for stealing any other part of the articles, stolen by the same act.

" 2. When the facts constitute two or more offences, wherein the lesser offence is necessarily involved in the greater—as an assault is involved in an assault and battery, as an assault and battery is involved in an assault and battery with intent to commit a felony, and as a larceny is involved in a robbery—and when the facts necessary to convict on a second prosecution would necessarily have convicted on the first, then the first prosecution to a final judgment will be a bar to the second.

" 3. But when the same facts constitute two or more offences, wherein the lesser offence is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on

the first, then the first prosecution will not be a bar to the second, although the offences were both committed at the same time and by the same act." See, also, *Davidson* v. *State*, 99 Ind. 366.

When tested by these rules the contention of the appellant can not prevail.

It can not be said that the appellant's frequenting a place where gambling was permitted, for the purpose of gambling, or engaging in gambling for a livelihood, was necessarily included, or comprehended, in the keeping of a gambling room for which he was tried and convicted before the mayor upon a plea of guilty.

It is too obvious to require illustration, that proof of the matter set out in the indictment of the appellant as a common gambler, could be so made out of the facts disclosed by the evidence as to secure a conviction for that offence, when the particular facts used for that purpose would not have justified a conviction for keeping a gaming room.

In an indictment against one as a common gambler, it must be shown that such person, for the purpose of gaming with cards or otherwise, travels about from place to place, or frequents some place where gambling is permitted, or engages in gambling for a livelihood.   He may be guilty as a common gambler and have no interest or control whatever in the room in which he gambles, and which is kept, or knowingly permitted to be kept, for that purpose.

The frequenting which the statute, relative to the common gambler mentions, must be something akin to, or in the nature of a habit, and the frequenting must be for the purpose of gaming.   Gillett Criminal Law, section 481; *Green* v. *State*, 109 Ind. 175; *Howard* v. *State*, 64 Ind. 516; *State* v. *Allen*, 69 Ind. 124.

It is obvious that the purpose of the Legislature was to prevent the acquisition of the habit of gambling, as well as to punish the act after the habit of gambling had been so far acquired that the act was that of a common gambler.

In an indictment, or affidavit, for keeping a room, or house, for gaming, it must be shown that it was kept, or knowingly permitted to be kept, for the purpose of being used, or occupied, for gaming; and the person offending may be guilty, although he does not engage in gaming himself, and does not keep the room, nor permit it to be kept, with a view or purpose of engaging personally in the games himself. The purpose of that statute is to suppress gambling-houses.

We think a person may be a common gambler, and be punished as such, although the offence be committed by him in a house kept by himself for gaming, and although he be convicted before that for keeping the house for gaming during and for a period of time which embraces the date at which he was charged and found to be a common gambler.

We find, moreover, upon a careful examination of the record, that it is in no way shown that the conviction before the mayor was for the keeping of either of the gambling-rooms kept by the appellant, as shown by the evidence.

There was evidence, too, clearly proving that the appellant's conviction before the mayor was procured by himself, for the avowed purpose of preventing action by the grand jury in the same matter. If the prosecution before the mayor was instituted and managed by the appellant for that purpose, he was not thereby put in jeopardy. *Watkins* v. *State,* 68 Ind. 427; *Halloran* v. *State,* 80 Ind. 586.

The judgment is affirmed, with costs.

Filed Sept. 29, 1891.