## BICKEL v. THE STATE.

[No. 5,060.    Filed April 5, 1904.]

CRIMINAL LAW.—*Common Gambler.*—*Indictment.*—Under §2180 Burns 1901, providing that "whoever, for the purpose of gaming with cards or otherwise, travels about from place to place, or frequents any place where gambling is permitted, or engages in gambling for a livelihood, is a common gambler, and upon conviction"

shall be fined, all the things mentioned in the statute disjunctively may be charged conjunctively in a single count as constituting a single offense. *pp. 657, 658.*

SAME.—*Common Gambler.*—*Indictment.*—An indictment under §2180 Burns 1901 should charge the kind of gaming indulged in. *p. 658.*

From Allen Circuit Court; *Edward O'Rourke,* Judge.

Jacob Bickel was convicted of being a common gambler, and appeals. *Reversed.*

*S. M. Hench,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, W. C. Geake* and *L. G. Rothschild,* for State.

ROBINSON, J.—Appellant was indicted, tried, and convicted under the statute providing that "whoever, for the purpose of gaming with cards or otherwise, travels about from place to place, or frequents any place where gambling is permitted, or engages in gambling for a livelihood, is a common gambler, and, upon conviction," shall be fined. §2180 Burns 1901.

The indictment charges that appellant was on a day named, "and on divers other days thereafter and previous found unlawfully wandering about from place to place for the purpose of gaming, frequenting gambling rooms and houses, and in the practice and habit of gambling, and then and there and thereby gaining his livelihood," contrary to the statute. Overruling appellant's motion to quash is the only question presented.

The statute defines the offense, and such acts as the statute mentions are necessary elements of the offense, and must be established by proper evidence. A common gambler is a person who does the certain acts mentioned by the statute. The statute has made it an offense to do any one of three things, all of which are punishable alike. These several things are mentioned disjunctively, and in such cases it is a general rule that all the things mentioned in the statute may be charged conjunctively in a single count

as constituting a single offense. *State* v. *Stout*, 112 Ind. 245; *Fahnestock* v. *State*, 102 Ind. 156; *Marshall* v. *State*, 123 Ind. 128.

If the indictment is insufficient, it is because it fails to charge that the offenses therein enumerated were committed "with cards or otherwise." This statute formerly read as it does now, except the words "or engages in gambling for a livelihood" were omitted, and as it then read it was construed in *Howard* v. *State*, 64 Ind. 516, where the charge was unlawfully frequenting, for the purpose of gaming with cards, a place where gambling was permitted. In answer to the objection that the affidavit should have specified the kind of gambling which was permitted in the room, and that appellant frequented the room for the purpose of gaming with cards, at the kind of game that was permitted therein, the court, holding this to be unnecessary, said: "If the defendant frequented the room for the purpose of gaming with cards, it was wholly immaterial what kind of a game at cards was permitted, or what kind the defendant frequented the room to play at." See *State* v. *Allen*, 69 Ind. 124; *Webster* v. *State*, 8 Blackf. 400; *State* v. *Maxwell*, 5 Blackf. 230; *Courtney* v. *State*, 5 Ind. App. 356; Gillett, Crim. Law, §§480, 481.

Under the above decisions, we think the indictment should charge the kind of gaming committed or indulged in; that is, if the gaming was with cards the indictment should so state, or the indictment should charge some one or more acts which are characterized by the statutes of the State as gaming.

Judgment reversed.