## COURT OF APPEALS,

### October 3, 1911.

## THE PEOPLE v. ALBERT BRIGHT.

(203 N. Y. 73.)

(1.) GAMBLING—A PERSON WHO TAKES PART IN A GAME, OR GAMES, OF· POKER FOR AMUSEMENT IS NOT A " COMMON GAMBLER " WITHIN THE: MEANING OF THE STATUTE (PENAL LAW, § 970).

A person who merely takes part in a game or series of games of poker on precisely the same terms as the other participants in the· game, for mere amusement or recreation and not as a professional gamester, does not thereby become a common gambler under our·· statute.

(2.) SAME—WHEN PERSON PLAYING POKER IS NOT AN ACCOMPLICE OF· DEALER OR GAMEKEEPER WITH WHOM HE WAS PLAYING.

Defendant was indicted for and convicted of being a common· gambler under section 970 of the Penal Law. He was convicted on the testimony of a single witness who participated with him in a game of draw poker. The defendant was indicted not for engaging· as a player in a game of poker, but for engaging therein as a dealer· and gamekeeper. Held, that the witness was not an accomplice in the· sense of being a gamekeeper within the meaning of the statute requiring the testimony of an accomplice to be corroborated (Code Crim.. Pro., § 399); hence, the evidence was sufficient to warrant the convic-- tion and the court was not called upon to charge that " if the jury find that the People's witness was an accomplice their verdict must be a verdict of acquittal."

People v. Bright, 140 App. Div. 945, affirmed.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the Third Judicial Department, entered December 7, 1910, unanimously affirming a judgment of the Albany County Court rendered upon a verdict convicting the defendant of the crime of being a common gambler.

The facts, so far as material, are stated in the opinion.

*John H. Gleason,* for appellant. The prosecuting witness, Brown, was an accomplice, and the trial judge committed reversible error in ruling to the contrary. (1 Abb. Law Dict. 10; Penal Law, art. 1, § 2; Foster Crim. Cases, 341; 1 Russell on Crimes, 21; 4 Black. Comm. 331; 1 Phillips on Ev. 28; State v. Light, 17 Ore. 358; Davidson v. State, 33 Ala. 350; English v. State, 35 Ala. 428; Bird v. State, 36 Ala. 279; State v. Quarles, 13 Ark. 307; People v. McGuire, 135 N. Y. 639; People v. Dunn, 53 Hun, 381; People v. McGonegal, 136 N. Y. 62.) The trial judge committed reversible error in withholding from the jury the question of the sufficiency of the evidence relied upon by the prosecution to corroborate the accomplice. (People v. Mayhew, 150 N. Y. 346; People v. Elliott, 106 N. Y. 292; People v. Everhardt, 104 N. Y. 591; People v. O'Farrell, 175 N. Y. 323; People v. Patrick, 182 N. Y. 157.)

*Rollin B. Sanford,* for respondent. The witness Brown was not an accomplice. (People v. Stedeker, 175 N. Y. 57; People ex rel. Lichtenstein v. Langan, 196 N. Y. 266; People v. Vedder, 98 N. Y. 630; People v. Zucker, 20 App. Div. 363, 154 N. Y. 770; People v. Smith, 1 N. Y. Cr. Rep. 72; People v. Winant, 25 Misc. Rep. 361; People v. Cook, 5 Park. Cr. Rep. 351.)

WILLARD BARTLETT, J.:

Section 970 of the Penal Law provides that a person " who engages as dealer, gamekeeper, or player in any gambling or banking game, where money or property is dependent upon the result," is a common gambler and punishable by imprisonment for not more than two years or by a fine not exceeding one thousand dollars, or both.

The indictment charged that Albert Bright, on the 2d day of March, 1910, at the city of Albany, was a common gambler, and in a certain room in a certain building, known as No. 426

Broadway, unlawfully and feloniously did engage as dealer and gamekeeper in a certain gambling game where money was dependent upon the result, to wit, a certain gambling game commonly called draw poker, consisting of certain gambling tables, cards, chips, devices and apparatus for gambling, a more particular description of which was to the grand jury unknown and could not then be given.

Upon the issue joined by his plea of not guilty, the defendant went to trial and was convicted, and the judgment upon the conviction has been unanimously affirmed by the Appellate Division. Under the Constitution the unanimous affirmance requires us to assume that the proof sufficed to establish every element of the crime charged in the indictment.

Only one witness was called in behalf of the People. He testified to having participated with the defendant in playing a game of draw poker for money on the 2d day of March, 1910, at 426 Broadway, in the city of Albany. When the People rested, and also at the close of the defendant's case, counsel for the defendant moved for a dismissal of the indictment on the ground; among others, that the jury could not be permitted to convict upon the testimony of an accomplice alone. (Code Crim. Proc., § 399.) The motion was denied in each instance and the defendant duly excepted. These exceptions do not survive the unanimous affirmance. There is one exception in the record, however, which suffices to raise the question whether the sole witness against the defendant was an accomplice. This is an exception to the refusal of the learned county judge to charge " that if the jury find that the People's witness was an accomplice their verdict must be a verdict of acquittal." There is no suggestion that this witness was in any manner corroborated, and if there was any evidence from which the jury could have found that he was an accomplice the defendant was entitled to have this instruction given.

"A conviction cannot be had upon the testimony of an accom-

plice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime." (Code Crim. Proc., § 399.)

The statute under which the defendant was indicted condemns as a common gambler any person "who engages as dealer, game-keeping or player in any gambling or banking game where money or property is dependent upon the result." The indictment is directed against the defendant not for engaging as player in a game of draw poker, but for engaging therein as dealer and game-keeper. The evidence indicates that it was not merely as a player that he participated. The game was played with colored chips, each chip representing a certain sum of money determined by the color. These chips or checks were "edged up" by the players toward the center of the table, and then "before the hand was opened," sometimes the defendant and sometimes another party took off one or two checks and placed them in front of him in a separate pile from the checks he was playing with. The inference sought to be drawn from this evidence was that the defendant thus reserved to himself a percentage over and above any of his winnings as a player, upon the amount at stake in each game where he so withdrew one or two chips. This action on the defendant's part distinguished his conduct from that of the People's witness and all the other players except the other party, who is described as having likewise withdrawn checks "at the time the pot was made up," to quote the language of the witness. The jury was justified in finding that such a proceeding brought the defendant within the purview of the statute as one who was thus engaging as gamekeeper in a gambling game, provided the sole witness whose uncorroborated testimony was relied on to establish the charge was not an accomplice.

It is plain that he was not an accomplice in the sense of being also a game-keeper within the meaning of the statute. According to the evidence the only such game-keepers present were the defendant and the other party who has been mentioned.

Each participant in every game of poker that was played, however, on the occasion in question, acted as dealer when it became his turn to deal. The charge in the indictment is that the defendant " did engage as *dealer* and game-keeper " therein; and, hence, it is argued that the defendant and the People's sole witness must be deemed to have been accomplices as dealers in a gambling game, whatever view may be entertained of the case in any other aspect.

It is to be observed that there were no particular persons who can be said to have been engaged as dealers in these games of poker as distinguished from the players in general, each of whom acted as dealer in turn.

The entire phraseology of the statute must be considered in order to ascertain its purview and determine what degree of participation in the games which it denounces is necessary to constitute a player an accomplice. It reads as follows:

" § 970. Common gambler. A person who is the owner, agent, or superintendent of a place, or of any device, or apparatus, for gambling; or who hires, or allows to be used a room, table, establishment or apparatus for such a purpose; or who engages as dealer, game-keeper, or player in any gambling or banking game, where money or property is dependent upon the result; or who sells or offers to sell what are commonly called lottery policies, or any writing, paper, or document in the nature of a bet, wager, or insurance upon the drawing or drawn numbers of any public or private lottery; or who indorses or uses a book, or other document, for the purpose of enabling others to sell, or offer to sell, lottery policies, or other such writings, papers, or documents, is a common gambler, and punishable by imprisonment for not more than two years, or by a fine not exceeding one thousand dollars, or both."

This section of the Penal Law is a re-enactment of section 344 of the Penal Code. In Lyman v. Shenandoah Social Club (39 App. Div. 462), Mr. Justice Barrett pointed out that that

section did not by any means prohibit every indulgence in gambling. In People v. Stedeker (175 N. Y. 57, 62, 17 N. Y. Crim. 326), this court said: " There has always been observed a distinction between betting or gambling and maintaining a gambling house or a place to which people resorted to gamble. While at common law wagers on indifferent subjects were legal and might be enforced, a gambling house or a resort for gamblers was a public nuisance for which its keeper might be indicted. (Wharton Crim. Law, Sec. 2446.) The same distinction has obtained in this State where ordinary betting has never been made a crime, though in some cases subject to small pecuniary mulcts, while the keeping of a gambling house, selling lottery tickets and the profession of a common gambler have been subjected to severe punishment." (See, also, People ex rel. Lichtenstein v. Langan, 196 N. Y. 260, 24 N. Y. Crim. 105.)

The context makes it unreasonable to suppose that the legislature in enacting the clause under which this indictment was found intended to include every game in which money is at stake in the phrase " gambling or banking game," or that every occasional participant in a money hazard at cards, who deals in turn, was designed to be comprehended in the term " common gambler." The phrase " who engages " is significant. It means something more than occasional participation. It imports some continuity of practice, just as the epithet " common " implies that a common gambler is a person who customarily or habitually or frequently carries on the gambling practices which are denounced by the statute. The underlying idea is the habitual participation in gaming as a money-making pursuit.

The proof sufficed to establish such participation on the part of the defendant. It warranted the inference that he was conducting a gambling establishment which yielded him a profit on each game played therein. Nothing of the kind was proved in reference to the People's witness. " To constitute an ac-

complice one must be so connected with a crime that at common law he might himself have been convicted either as the principal or as an accessory before the fact." (People v. Zucker, 20 App. Div. 363, 365; aff'd on opinion below, 154 N. Y. 770.) There is no view of the evidence which would have justified the jury in convicting the witness of the crime of which they found the defendant guilty.

Whatever may eventually be determined to be the extent of the participation in gambling or banking games which is necessary to make a person liable under this provision of the Penal Law for engaging therein as *player,* we are quite clear that a person who merely takes part in a game or series of games of poker on precisely the same terms as the other participants in the game, for mere amusement or recreation and not as a professional gamester, does not thereby become a common gambler under our statute.

This was all that the People's witness appears to have done in the case at bar. It follows that he was not an accomplice of the defendant.

The judgment at the Appellate Division should, therefore, be affirmed.

CULLEN, Ch. J., GRAY, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment of conviction affirmed.