(151 App. Div. 790.)

## PEOPLE v. MAYNARD.

(Supreme Court, Appellate Division, Third Department.   June 27, 1912.)

1. OBSTRUCTING JUSTICE (§ 4*)—INDUCING WITNESS TO ABSENT HIMSELF.

     Penal Law (Consol. Laws 1909, c. 40) § 2440, making it a felony to offer or promise a bribe to a witness for influencing his testimony, or to induce him to give false testimony, does not make it criminal to induce a person to absent himself, and thus not become a witness.

     [Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 13; Dec. Dig. § 4.*]

2. OBSTRUCTING JUSTICE (§ 4*)—DISSUADING WITNESS FROM ATTENDING TRIAL.

     Penal Law (Consol. Laws 1909, c. 40) § 2441, providing that a person who willfully prevents or dissuades any person who has been duly summoned or subpœnaed from attending court as a witness pursuant to the summons or subpœna is guilty of a misdemeanor, applies only to witnesses who have been summoned, and not to inducing a witness before being summoned to absent himself so as to prevent his being summoned.

     [Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 13; Dec. Dig. § 4.*]

3. OBSTRUCTING JUSTICE (§ 9*)—INDUCING WITNESS TO ABSENT HIMSELF—PRINCIPAL AND ACCESSORY.

     Penal Law (Consol. Laws 1909, c. 40) § 379, provides that a person who is or who is about to be a witness, who receives or agrees to receive a bribe upon any agreement or understanding that he will absent himself, is guilty of a felony. Section 2 declares that a person who directly or indirectly counsels, commands, induces, or procures another to commit a crime is a principal. *Held*, that where B was about to be subpœnaed to appear as a witness against accused for a violation of the liquor tax law, whereupon accused by paying him $25 procured him to go beyond the jurisdiction, so that he could not be subpœnaed and testify, accused was liable as a principal under section 2.

     [Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 18; Dec. Dig. § 9.*]

     Smith, P. J., and Houghton, J., dissenting in part.

Appeal from Washington County Court.

David Maynard was indicted for feloniously inducing another to receive a bribe and absent himself from a hearing before a grand jury, and, from an order sustaining a demurrer to the indictment, the People appeal. Reversed, and demurrer overruled.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Erskine C. Rogers, Dist. Atty., of Hudson Falls, for the People.

John Van Valkenberg, of Hudson Falls, for respondent.

JOHN M. KELLOGG, J. The indictment charged that the defendant wrongfully, unlawfully, and feloniously counseled, commanded, induced, and procured Henry Paige to receive a bribe and absent himself from a hearing before the grand jury of the county of Washington; that the defendant had previously been arrested for violation of the Liquor Tax Law (Consol. Laws 1909, c. 34); that the said Paige was used as a witness against him in the preliminary examination and swore to the illegal sale of liquors by the defendant; that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant was held to await the action of the next grand jury; that said Paige was about to be subpœnaed as a witness to appear before the grand jury; that on December 20, 1911, the defendant offered him $25 if he would leave the state and go to Canada and stay there until after the January, 1912, grand jury had met and been discharged; that said Paige accepted the offer, agreed to absent himself, received the money from defendant, and did absent himself.

The district attorney claims the defendant was indictable as a principal, under sections 2 and 379 of the Penal Law (Consol. Laws 1909, c. 40). Section 2 provides that:

"A person who directly or indirectly counsels, commands, induces or procures another to commit a crime is a principal."

Section 379 provides that:

"A person who is or who is about to be a witness upon a trial, hearing or other proceeding before any court * * * who receives or agrees * * * to receive a bribe upon any agreement or understanding that he will absent himself from the trial, hearing, or other proceeding is guilty of a felony."

[1] It is clear that Paige was guilty. The statute does not in terms apply to the briber. Section 2440 of the Penal Law makes it a felony to offer or promise to a witness a bribe for influencing the testimony of the witness, or to induce the witness to give false testimony. That section evidently does not make it criminal to induce a person to absent himself and thus not become a witness.

[2] Section 2441 only relates to a witness who has been subpœnaed.

[3] In this case the witness was not, in fact, subpœnaed, but was about to be subpœnaed. It is evident that the defendant is not punishable, unless section 2 applies to him.

If A bribes B to absent himself so that he may not be a witness, B is liable for taking a bribe. If B is reluctant to take the bribe, but is advised and induced by C to take it from A, it is evident that C is liable under section 2 for advising and procuring B. to commit the crime. People v. McKane, 143 N. Y. 455, 38 N. E. 950.

It is difficult to see how A is less liable than C, for, to a greater extent than C, he procured B to commit the crime. C only advised the taking of the money; A actually furnished it and made the corrupt bargain.

I think the purpose of section 2 was to provide for the punishment of a person who procures a crime to be committed, but who does not actually participate in it in such a manner as to otherwise bring him within the Criminal Law.

The judgment should therefore be reversed, and the demurrer overruled, and the defendant required to plead.

BETTS and LYON, JJ., concur.

HOUGHTON, J. (concurring). I think the indictment was sufficient, and that the demurrer should not have been sustained; but I do not think it is or can be founded upon section 379 of the Penal Law. The indictment nowhere specifies that it is confined to a violation of the provisions of that section, and the facts stated seem to

me to set forth the commission of a crime contrary to the provisions of section 2440 and that it is a good indictment under that section.

While it is true that with respect to a large class of crimes one who induces or procures another to commit such crime can be indicted and punished as a principal, I do not think the giver of a bribe can be indicted as the taker of a bribe because he induces the taker to accept such bribe. The giving and the taking of a bribe have always been separate offenses, and the Penal Law has carefully specified the two offenses and carefully separated the giver from the taker and defined what shall constitute guilt of the one and guilt of the other.

Article 34 of the, Penal Law is confined wholly to bribery and corruption. It is declared to be a crime for a person to give, or·offer or cause to be given or offered, a bribe or any money, property, or value of any kind, or any promise or agreement therefor, to a judicial officer, juror, referee, arbitrator, appraiser, or assessor, or other person authorized by law to hear or determine any question or controversy, or to a public officer, with intent to influence his action, vote, or decision thereon, and heavy punishment is prescribed therefor. The judicial officer who accepts such bribe is not only subject to punishment, but forfeits his office, and the juror, referee, and the like officials who accept such bribe are likewise declared to be guilty of a felony, with heavy punishment attached thereto in case of conviction. Following these various provisions, separately specifying the crime of giving a bribe and the crime of taking a bribe, is section 379, the substance of which, so far as material, is quoted in the prevailing opinion, which relates only to the taking of a bribe by a witness or one about to be a witness. The compiler's note, without comment, refers to section 2440, which is found under article 218 of the Penal Law and is headed "Witness." The caption of section 2440 is "Bribing witness," and the section reads as follows:

"A person who gives or offers or promises to give, to any witness or person about to be called as a witness, any bribe, upon any understanding or agreement that the testimony of such witness shall be thereby influenced, or who attempts by any other means fraudulently to induce any witness to give false testimony or to withhold true testimony, is guilty of a felony."

The compilers make no comment upon this section except to refer back to section 379. Section 2440 under the Penal Code was numbered 113, and section 379 was numbered 80, and the only comment of the codifiers under either section was a reference from one to the other.

Section 2440 is not as clear in its language as it might be, but it is apparent that what it means is that one who agrees to give or does give to a witness money or other valuable thing on the understanding that his testimony shall be influenced is a briber and is guilty of a felony, and that he is likewise guilty of a felony if he attempts by any other means fraudulently to induce the witness to give false testimony or to withhold true testimony. The bribing of a witness to go beyond the jurisdiction so that he could not be a witness can very well be said to be the influencing of the testimony of such witness. The language of the section is, or who attempts by "any other

means" to induce a witness to withhold true testimony. It is a fair interpretation to say that, if the withholding is done by means of bribery, the offense comes within the first clause of the section as well as the latter.

By the allegations of the indictment the defendant not only agreed with the witness that his testimony should be influenced because he bribed him to go away and not give it at all, but by means of bribery induced him to withhold true testimony which he knew he could give and would give if he appeared before the grand jury.

There is no inconsistency between section 2440 and 2441 because the latter section does not include any corruption by bribery at all, and simply makes the willful preventing or dissuading of any person, who has been subpœnaed from attending as a witness, a misdemeanor. The element of bribery is lacking in that section, as it is in sections 373 and 376, in which the promise of a juror without any corrupt consideration, to give a verdict, and the influencing of him without bribery, are made simple misdemeanors, as is the deceiving of a witness under section 2442. In all of these cases the crime is lessened and made a misdemeanor because the element of corrupt bribery is lacking.

If it was not the intent of the Legislature by the provisions of section 2440 to make it a crime for one to bribe a person about to be called as a witness to go beyond the jurisdiction of the court and thus to withhold his testimony, and if such act is not the influencing of testimony, then the doing of such a thing is no crime at all and is beyond punishment. If the giver of such a bribe can be indicted as principal as the taker because he induces him to commit the crime, then every man who buys intoxicating liquors contrary to the provisions of the Liquor Tax Law is indictable with the seller, and every man who for recreation or pleasure sits in a game of cards played for money is indictable as a principal with the gamekeeper, because in the one case there would have been no sale had not the buyer induced the seller to sell, and in the other case there would have been no game if the player for recreation had not taken a hand with the gamekeeper. It has been long recognized that one who buys liquor contrary to the Liquor Tax Law commits no crime and is not an accomplice, and the recent case of People v. Bright, 203 N. Y. 73, 96 N. E. 362, distinctly holds that such a player as indicated is not an accomplice and is not equally guilty with the gamekeeper and commits no crime whatever.

It is only upon the ground that the allegations of the indictment are sufficient to describe the commission of a crime under section 2440 of the Penal Law that I concur in a reversal of the judgment sustaining the demurrer and directing that it be overruled.

SMITH, P. J., concurs.