(138 So. 427)

## MATHEWS v. STATE.

4 Div. 799.

Court of Appeals of Alabama.

Nov. 17, 1931.

Rehearing Denied Dec. 15, 1931.

Sollie & Sollie, of Ozark, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of being a vagrant. Code 1923, § 5571.

There is not much, apparent, calling for comment by us.

We have examined each of the exceptions reserved to rulings made upon the taking of testimony, but are of the opinion that there is, patently, merit in none of same.

The point stressed in brief filed here by appellant's distinguished counsel, namely, that the trial court erred to a reversal by telling the jury that the defendant could be convicted if they were satisfied beyond a reasonable doubt, etc., that "he was a common gambler," is not well taken.

True, the statute, above, denounces as a vagrant "a professional gambler." But we hold that the term used in the court's oral charge, to wit, "common gambler," and the term of the statute, to wit, "professional gambler," are, for all intents and purposes involved in prosecutions of this kind, synonymous. See Brannon v. State, 16 Ala. App.

259, 76 So. 991; Mitchell v. State, 9 Okl. Cr. 172, 130 P. 1175, 1176; 6 Words and Phrases, Third Series, 199; Bickel v. State, 32 Ind. App. 656, 70 N. E. 548; 1 Words and Phrases, Second Series, 809; U. S. ex rel. Liebmann v. Flynn (D. C.) 16 F. (2d) 1006; People v. Bright, 203 N. Y. 73, 96 N. E. 362, Ann. Cas. 1913A, 771.

At any rate, that would, in our opinion, have been the jury's view, so, even if technically not true, appellant suffered no injury from the action in question. Hence no reversal could be predicated upon it. Supreme Court Rule 45.

We discover no prejudicial error, anywhere, and the judgment of conviction is affirmed.

Affirmed.