MAURICE E. MILLER et al., Appellants-Respondents, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 29417-A.) —

Memorandum: The claimant's proof was that the cracks in the concrete block building were first noticed when the piling was being driven and before any excavation, if there was excavation, was commenced. This did not constitute proof on which to predicate a finding on which the claim for removal of lateral support could be made. Further, there was no competent proof that the burden of the weight of the building did not contribute to the loss of lateral support. In any event, there was no proof of excavation, which proof would be necessary before the State could be held liable on the theory of removal of lateral support. (*Radcliff's Executors* v. *Mayor of Brooklyn*, 4 N. Y. 195; *Riley* v. *Continuous Rail Joint Co.*, 110 App. Div. 787, affd. 193 N. Y. 643; *Bergen* v. *Morton Amusement Co.*, 178 App. Div. 400.) The claim for land value as shown in claimants' claim was the sum of $1,000. We think the Court of Claims was limited to the amount asked for. We approve the award of $1,600 for replacement of the wooden buildings as found by the trial court. All concur. (Cross appeals from a judgment for claimants on a claim for damages for appropriation of realty.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [199 Misc. 237.] [See 280 App. Div. 882.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MARINELLO, Appellant. —

Memorandum: The evidence adduced upon the trial was not sufficient to support the defendant's conviction of the crime of being a common gambler in violation of section 970 of the Penal Law. (See *People* v. *Stedaker*, 175 N. Y. 57; *People* v. *Bright*, 203 N. Y. 73, and *Bamman* v. *Erickson*, 288 N. Y. 133.) All concur. (Appeal from a judgment convicting defendant of the crime of violation of Penal Law, § 970.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.